### 19803.   CHASTAIN *et al. v.* HERMAN.

Wʏᴀᴛᴛ, Presiding Justice.   Patricia Herman brought her petition for habeas corpus against Walter Lee Chastain and Jessie Louella Chastain, seeking to recover custody of her illegitimate child.   Her petition alleged in substance: that, some two months prior to the birth of the child, she was induced to sign a consent for the adoption of the child when born; that, after the child was born, she did not release the child or consent that the defendants should adopt said child; that she did not have any actual knowledge that the defendants had taken the child until several days after it had been removed from the hospital; that the petitioner has repudiated the consent and does now repudiate same; that she has made repeated demands upon the defendants for said child, but that the defendants have refused to comply with said demands.   At the hearing on the petition, evidence was introduced by both sides. The judge was authorized to find the facts substantially as alleged in the petition.   The judge found in favor of the petitioner and returned custody of the child to its mother.   The exception here is to that judgment.   *Held:*

The facts in the instant case are in all material respects the same as those appearing in *Wheeler* v. *Howard*, 211 *Ga.* 596 (87 S. E. 2d 377).   In that case it was held: "In an adoption proceeding, where the consent of the parent or parents is freely and voluntarily given in writing, the parent or parents thus consenting may, without showing any cause, withdraw such con-

sent at any time before the final judgment of adoption as provided for in Code (Ann. Supp.) § 74-414 (Ga. L. 1941, p. 305; 1949, p. 1157), is rendered." In the instant case there has been no final judgment of adoption, and the case is controlled by the ruling in *Wheeler* v. *Howard*, supra. The act of the General Assembly adopted in 1957 (Ga. L. 1957, p. 367), relating to revocation of a consent to the adoption of a child has no application to the present case, the consent having been entered into prior to its approval. It was therefore not error to award custody of the child in question to the petitioner.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1957—DECIDED OCTOBER 15, 1957.

*Frank D. Schaffer, Luther C. Hames, Jr.,* for plaintiffs in error. *Young H. Fraser, Fraser & Shelfer,* contra.