48713. FULTON et al. v. SCHNEIDER.

DEEN, Judge. 1. Code Ann. § 74-414 (Ga. L. 1969, p. 927) provides that in an adoption proceeding the final order granting adoption is to be entered up only "if the court is satisfied that the natural parents have just cause to be relieved of the care, support, and guardianship of said child, or have abandoned the said child, or are morally unfit to retain custody of said child . . . and that the adoption requested is for the best interests of the child . . . or if it is not so satisfied to refuse such an order and to dismiss the petition." "In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in plain cases of abuse." *McCall v. VanPopering,* 124 Ga. App. 149 (1) (183 SE2d 411).

2. "If the report of the State Department of Family and Children Services or its duly authorized agents, as provided herein, disapprove of the adoption of the child, motion may be made by said department or by any agent by it authorized, to the court to dismiss the petition, and the court is authorized so to do." Code Ann. § 74-411. The recommendations of the investigative agency are, because of their experience and study, entitled to great weight. *Allen v. Morgan,* 75 Ga. App. 738, 748 (44 SE2d 500).

3. Briefly, the facts of this case are: The appellee, natural mother of the child sought to be adopted by appellants, had what was described as a "horrible" pregnancy followed by caesarean delivery of the infant, who was born June 27, 1972. She separated from her husband primarily because of his drinking problems in November, 1972 and went back to live with her parents. On February 1, 1973 she signed a consent to adoption, and delivered the infant to the Fultons, a couple whom all parties recognize as eminently qualified to become the adoptive parents. Within a week she felt that she had made a grave mistake, the blame for which was in part taken by her parents and her husband's parents who appear to have favored her decision. On April 23,

1973, interviewed by an agency case worker, she told them she intended to contest the proceedings. The report concluded with the statement that based on this fact adoption was not recommended. At the time of the hearing the child had been with the petitioners about half as long as with the natural mother. The judge hearing the case found that the consent had been signed at a time when the mother was subject to great mental and physical stress; that she is now materially improved and removed from the source of her prior emotional disturbances, and that, "the entry of a final order of adoption in this case would not be in the best interests of the child sought to be adopted." Taken in its entirety it does not appear that the court entered this order on the theory that the mother's consent had been coerced, but that on considering the totality of circumstances she had been disturbed of mind and had not acted with the settled purpose and volition necessary to constitute "unequivocal" consent. As stated in *Wheeler v. Howard,* 211 Ga. 596, 597 (87 SE2d 377): "If the signed written consent is all the law requires, then why the concern about the reason for giving it? If, as must be the intention of the law, this report discloses that the parents have no reason for consenting, the law intends that the adoption be denied." This case was of course decided under the former law, requiring both interlocutory and final hearings, and while the parents who have consented to adoption may no longer withdraw that consent "as a matter of right," the requirements for investigation and recommendation, and those relating to the discretion of the trial court, remain the same. Accordingly, the judgment denying the adoption must be affirmed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED NOVEMBER 5, 1973 — DECIDED NOVEMBER 21, 1973.

*George H. Kreeger,* for appellants.
*J. Ralph McClelland, Jr.,* for appellee.