## 49824. SPENCE v. LEVI.

ARGUED OCTOBER 1, 1974 — DECIDED DECEMBER 2, 1974 — REHEARING DENIED DECEMBER 18, 1974 —

*Rice & Hardy, Max B. Hardy, Jr.,* for appellant.
*Lucy S. McGough, Walter M. Henritze, Jr.,* for appellee.

DEEN, Presiding Judge.

■ This case represents the second instance of Georgia appellate review of a proceeding for termination of parental rights under Code Ann. § 24A-3201 et seq. See *In Re Levi,* 131 Ga. App. 348 (206 SE2d 82). In that case, at page 352, it was held that the Act "is to be liberally construed toward the protection of the child whose

well-being is threatened. Code Ann. § 24A-101. Deprivation of love and nurture is equally as serious as mental or physical disability." The record is replete with indications that such is the case here: The initial abandonment proceedings and removal of the child came about as a result of complaints on the part of relatives of misconduct, neglect and abuse, and no period is shown in the record where there was ever a wholehearted attempt on the part of the natural mother to reclaim the child and enter into a secure family relationship. That this has resulted in mental and emotional harm to the child (a ground for termination under Code Ann. § 24A-3201(a2)) is well established by his own testimony as well as that of the expert witnesses. He is now 14 years old, an age where children in divorce custody actions are permitted to choose their home environment. Code Ann. § 30-127. The fourth ground for termination, wilful failure to comply with a court order for support for over 12 months, was also proved if the court, as it obviously did, chose to disbelieve the mother's statement that she had been told the order was rescinded. There was no abuse of discretion in entering the termination order complained of.

■ Code § 24A-3203 reads: "An order terminating the parental rights of a parent terminates all his *rights* and obligations with respect to the child and *of the child* to him *arising from the parental relationship, including rights of inheritance.*" (Emphasis supplied.) This is a clear statement that the right of inheritance in case of intestacy ceases both as to the parent from the child and as to the child from the parent. The Act is unfortunately worded differently from Code Ann. § 74-414, construed in *Sears v. Minchew,* 212 Ga. 417 (93 SE2d 746) to leave the adopted child's right to inherit from its natural parents intact, and the same rationale cannot be used. Admittedly, this presents an inequality when compared with the adoption law, but it is a matter which addresses itself to the legislature and not the courts. It was error to include in the order a finding that the right of inheritance would remain to the child.

■ In custody and like cases involving minors the court has a wide discretion in excluding the parent while an examination of the child's preference in the matter is

being pursued. *Willingham v. Willingham,* 192 Ga. 405 (15 SE2d 514). We find no error in allowing the child to testify in the absence of appellant, her counsel being present and being given the right of cross examination.

*Judgment affirmed in part and reversed in part. Stolz and Marshall, JJ., concur.*