## 50630. MOSS v. MOSS.

STOLZ, Judge.

The appellee mother filed a petition in Newton Superior Court for a writ of habeas corpus to obtain custody of her two minor children, the older of which was already in her custody pursuant to a decree of divorce from the child's father (appellant) and the younger of which was born approximately 8 1/2 months after the divorce decree. After a hearing, the court entered a judgment severing the parental rights of both natural parents. The defendant father moved to set aside the judgment and for a new trial. There being no record of the proceedings, the trial judge declined to rule on the motion, instead appointing a referee pro tempore of the Juvenile Court of Newton County to hear the matter de novo. Subsequently, pursuant to a petition filed by the Newton County Department of Family and Children Services, alleging the two minors to be deprived and praying for enforcement of the superior court judgment, the temporary referee, following a hearing, ordered the parental rights of both natural parents permanently severed, with custody placed in the Department of Human

Resources, Department of Family and Children Services, for the purpose of adoption. The defendant father appeals from the above judgment, which was made the judgment of the superior court.

1. Code Ann. § 24A-3201 (Ga. L. 1971, pp. 709, 747; 1974, p. 389; 1974, pp. 1126, 1133) provides in part: "(a) The court by order may terminate the parental rights of a parent with respect to his child if: . . . (2) the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; . . ." Code Ann. § 24A-401 (h 1) (Ga. L. 1971, pp. 709, 713; 1973, p. 579; 1973, pp. 882, 884) defines "deprived child" as a child who, inter alia, "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals; . . ." Code Ann. § 24A-2201 (a) (Ga. L. 1971, pp. 709, 732) provides in part: "After hearing the evidence on any petition alleging delinquency, unruliness *and* deprivation, the court shall *make and file its findings* as to whether the child is a deprived child, or, if the petition alleges that the child is delinquent or unruly, whether the acts ascribed to the child were committed by him." (Emphasis supplied.) Enumerated error 1 is the termination of the appellant's parental rights without first "finding" that the two minor children were "deprived children" and that "the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the [children are] suffering or will probably suffer serious physical, mental, moral, or emotional harm," as it is contended is required by the above statutes.

It is noted that § 24A-2201 (a) requires the making and filing of findings as to whether the child is a deprived child "on any petition alleging delinquency, unruliness *and* deprivation." (Emphasis supplied.) The patent reason for an explicit finding of deprivation in a petition alleging *multiple* conditions, is to indicate the necessity for and to authorize disposition of the deprived child or children under the statute or statutes deemed applicable

by the court, viz., Code Ann. § 24A-2301 (Ga. L. 1971, pp. 709, 734), § 24A-3201, supra, and § 24A-3204 (Ga. L. 1971, pp. 709, 748). Since the present petition by the county department alleged *only* deprivation, it was unnecessary to make an explicit finding of deprivation. The further finding required by § 24A-3201 (a 2), supra, is not required to be explicit, and was implicit from the disposition made in the order and the evidence adduced at the hearing. Compare *A. C. G. v. State of Ga.,* 131 Ga. App. 156 (3), supra.

2. Enumerated error 2 attempts to raise for the first time on appeal the issue of the failure to dismiss the petition on the ground that it did not clearly state the effect of an order for termination of parental rights, hence it presents nothing for review. *Reid v. State,* 129 Ga. App. 41 (3) (198 SE2d 358) and cits.; *O'Kelley v. Skinner, Wilson & Beals,* 132 Ga. App. 792 (3) (209 SE2d 242) and cit. Furthermore, the appellant is presumed to have been cognizant of Code Ann. § 24A-3203 (Ga. L. 1971, pp. 709, 748), which establishes the legal effect of the order. *Grady County v. Banker,* 81 Ga. App. 701 (3) (59 SE2d 732).

3. The trial court did not err, as contended in enumerated error 4, in entering its order of disposition without first holding a dispositional hearing, provided for in certain cases by § 24A-2201, supra, since the implicit finding that termination of the parental rights of both parties was authorized, left the court with only the alternatives provided in Code Ann. § 24A-3204, supra, a choice as to which was not available to the appellant, his parental rights (including the right to control his children's disposition) having been terminated.

4. Enumerations of error 5 and 6 complain of the juvenile court's consideration—during the adjudicatory hearing, over objection, and after the appellant had denied the allegations of the petition alleging deprivation—of social studies and written reports by the Department of Family and Children Services of Newton and Jackson Counties concerning the two children, their family, their environment, and other matters relevant to disposition of the case, and allowing the local department's caseworker to read verbatim from her own written report, contrary to the provisions of Code Ann.

§ 24A-2101 (a) (Ga. L. 1971, pp. 709, 731).

The caseworker testified that she had made two visits to the children's home herself, contacted other persons and had otherwise conducted the investigation personally. The court excluded evidence from the Jackson County record which was hearsay. The caseworker was available for cross examination by the appellant, hence the evidence was not subject to the infirmity involved in *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125). Although the consideration of this evidence, which contained some hearsay, at this point in the hearing and after the appellant had denied the allegations of the petition, technically violated the provisions of Code Ann. § 24A-2101 (a), supra, " 'since this case was tried without a jury, the trial judge has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evidence he sifted the wheat from the chaff and selected the legal testimony. Thus, his judgment will not be reversed where there is any legal evidence to support the finding.' *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380 (3) (181 SE2d 75) and cit." *Atlas Supply Co. v. U. S. Fidelity &c. Co.,* 126 Ga. App. 483, 485 (191 SE2d 103). There was adequate evidence in the record aside from the evidence in question to support the judgment, as discussed in Division 6 hereinbelow.

5. The court did not err, as contended in enumerated error 7, in considering, over objection, the opinion testimony of the agency caseworker-investigator and in ruling her to be qualified as an expert in the field of sociology and psychology, where it appeared that she had had ten years' experience with the agency in preparing such reports for the court and had otherwise been trained by education and experience to render opinions regarding investigations of family life and environment. Her opinions and recommendations are therefore entitled to great weight. See *Fulton v. Schneider,* 130 Ga. App. 274 (2) (202 SE2d 706) and cit. Although this testimony may not have been technically admissible at the point at which it was admitted, under Code Ann. § 24A-2101 (a), supra, as discussed in Division 4 hereinabove, the court could nevertheless consider it for the purpose of disposition, and disregard its effect during the adjudicatory phase of its

decisional process.

6. The Juvenile Court Code of Georgia "is to be liberally construed toward the protection of the child whose well-being is threatened. Code Ann. § 24A-101. Deprivation of love and nurture is equally as serious as mental or physical disability." *In re Levi,* 131 Ga. App. 348, 352 (206 SE2d 82); *Spence v. Levi,* 133 Ga. App. 581 (1) (211 SE2d 622). Code Ann. § 24A-401 (h, 1), quoted hereinabove, defines "deprived child" with reference to "physical, mental, or emotional health, or morals," and in broad enough terminology to allow sufficient latitude of discretion for the juvenile court.

There was evidence in the present proceeding that the appellant married his former wife's (appellee's) mother, a marriage prohibited by Code § 53-105; that the appellant and the appellee's mother had each been married three times; that the appellee was on drugs and possibly perjured herself at a prior hearing; that the appellee's sister had a juvenile court record, bore a baby out of wedlock and placed it for adoption; that the appellee's brother was a slow learner and had to drop out of school before finishing the required number of years; and that the appellee had not wanted her younger child and attempted to place him with her younger brother.

The Supreme Court "has held many times in a proceeding involving a contest between parents over the custody of minor children that the award made by the trial judge, if based upon evidence, and the exercise of a sound discretion, will not be controlled by this court." *Baker v. Smiley,* 231 Ga. 375 (2) (202 SE2d 39) and cits. Contrary to the contention in enumerations of error 3 and 8, the judgment was supported by evidence.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

Submitted April 30, 1975 — Decided June 23, 1975 — Rehearing denied July 15, 1975 — ▆▆▆▆▆▆▆

*Crudup & Howell, John P. Howell,* for appellant.

*Arthur K. Bolton, Attorney General, Dorothy Y. Kirkley, Assistant Attorney General,* for appellee.