**Ralph HILL, Appellant,**

v.

**Harold D. GARNER and Glenda Garner, Deana Chrie Hill, an infant, Kentucky Department of Human Resources, Bureau for Social Services, Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1977.

Rehearing Denied Feb. 10, 1978.

Gary Haverstock, Hughes, Gregory & Haverstock, Murray, for appellant.

Jo Hern Curris, Hurt & Christopher, Murray, for appellees.

James Overby, Murray, Guardian Ad Litem.

Before COOPER, HAYES and HOWERTON, JJ.

COOPER, Judge.

This is an appeal from a judgment in the Calloway Circuit Court in favor of the appellees, Harold D. Garner and Glenda Garner. Harold D. and Glenda Garner filed a petition in the circuit court for adoption of the infant child, Deana Chrie Hill, on December 29, 1975.

After submission of memoranda, judgment was entered on December 1, 1976, dismissing the allegations of the appellant, Ralph Hill, for lack of standing since his rights had been previously terminated. The court also consolidated Civil Action File No. 3683 and Adoption File No. 255 in order that the records of both files would be made available for appeal. A motion for new trial by the appellant, Ralph Hill, was timely filed and overruled.

On December 7, 1971, judgment was entered in the Fulton Circuit Court whereby Mary Frances Hill was granted an absolute divorce from Ralph Hill and restored to all the rights and privileges of an unmarried person. On October 4, 1973, Mary Frances Hill was murdered by Ralph Hill leaving three (3) children: Jacqueline Ellis and Johnnie Ray Ellis by a prior marriage, and Deana Chrie Hill, age nine (9) months, a child born out of wedlock.

On November 1, 1973, Ralph Hill, a former husband of Mary Frances Hill, submitted a Petition Ex Parte stating that he was the only surviving parent of the infant, Deana Chrie Hill; and unable to provide proper parental care for said infant due to the fact that he was incarcerated in the county jail in Murray, Kentucky, charged with a felony. The felony referred to being the shooting death of his former wife, Mary Frances Hill, mother of the infant Deana Chrie. Subsequently, Ralph Hill was sentenced to fifteen (15) years at the state penitentiary for Manslaughter. The petitioner relinquished all parental rights to Deana Chrie Hill and indicated he was willing and anxious for Jimmy Rutland and his wife, Martha Rutland, sister of Ralph Hill, to adopt said infant. Judgment was en-

tered by the Calloway Circuit Court on November 9, 1973, terminating the parental rights of the petitioner in and to the infant, Deana Chrie Hill.

At the time of the demise of Mary Frances Hill, her three (3) children were in the care of her sister, Glenda Garner, who immediately by motion to the court, moved that the judgment of November 9th, be vacated and she be permitted to intervene in this ·cause of action noting that at the time of death of Mary Frances Hill, she was not married to Ralph Hill; and at the time of the birth of the infant child, Deana Chrie Hill, she was not married to Ralph Hill.

By affidavit, Glenda Garner then stated that she was willing, able and anxious to have the care and custody of the infant child, Deana Chrie Hill, along with the other two (2) children; that adequate facilities were available; that she was a suitable individual to care for the children; and most importantly, that it would be in the best interest of all the children belonging to the deceased, Mary Frances Hill, to remain in one household. An order was entered on August 9, 1974, in the Calloway Circuit Court ordering and directing that Glenda Garner be granted the permanent custody of the three (3) children of the deceased, Mary Frances Hill. The order did *not* vacate the judgment rendered by the Calloway Circuit Court on November 9, 1973.

Since that time, Ralph Hill, Jimmy Rutland and his wife, Martha Rutland, have by various motions attempted to vacate the order entered on August 9, 1974, and enter into the proceedings.

The order of August 9, 1974, was followed on December 29, 1975, with a Petition for Adoption by Harold D. Garner and wife, Glenda Garner, to which Ralph Hill responded with a Motion to Dismiss and Answer. He alleged that the consent for adoption was not gained from the natural parent Ralph Hill, and that the petition did not plead or set out the grounds for termination of parental rights as required by KRS 199.600. Also, he alleged that if voluntary consent is not received from the natural parent, involuntary termination, as provided by KRS 199.600, is necessary.

The appellees, Harold D. Garner and Glenda Garner, responded that it was unnecessary to plead the grounds for termination due to the fact that the natural mother is deceased, and the appellant did not fall within the category outlined in KRS 199.-480(3) as a necessary party defendant.

On December 1, 1976, the court entered Findings of Fact, Conclusions of Law and Judgment stating that Ralph Hill had voluntarily terminated his parental rights as to the infant child, Deana Chrie Hill. The judgment was declared final and appealable.

On December 9, 1976, motion to alter, amend and vacate the judgment was made by the appellant, Ralph Hill, pursuant to CR 59.05 on the grounds that the voluntary termination relied upon by the court was ineffective. On December 16, 1976, said motion was overruled.

While a number of questions have been raised by both sides in this case, we believe the main issue is:

WHETHER THE PARENTAL RIGHTS OF A PARENT, ONCE VOLUNTARILY TERMINATED AND JUDGMENT ENTERED, CAN BE RESTORED.

If this question is answered in the negative, then all other questions raised become moot.

KRS 199.620, *Voluntary Termination of Parental Rights*, states that:

(1) . . . if paternity is established in legal action or if an affidavit is filed stating that the affiant is father of the child, the father may present to the judge of any circuit court of this state a written petition setting forth facts alleging that such parents or parent as the case may be (a) is unable to provide proper parental care for such child, and (b) is willing to relinquish all parental rights to such child, and alleging . . . some suitable person is willing to accept the care of the child.

.  .  .  .  .

(3) . . . if it is proved to the satisfaction of the court that termination of

parental rights and commitment to the . . . suitable person will be for the *benefit of the child,* the court may order the child to be so committed and the parental rights of the natural parents terminated. (Emphasis added)

KRS 199.630(2) specifically speaks as to the status of parties after termination:

(2) . . . where parental rights have been terminated pursuant to KRS 199.600 to 199.620, all legal relationships between the parents and child shall cease to exist, the same as if the relationship of parent and child had never existed, except that the child shall retain the right to inherit from its parents under the laws of descent and distribution.

The court outlined the purpose and stringency of this position in the case of *Commonwealth, Department of Child Welfare v. Helton,* Ky., 411 S.W.2d 932, 934 (1967); in which the court spoke accordingly:

The order of the Pike Circuit Court terminated the parental rights of Mrs. Helton. Nothing has occurred which could be held to have legally restored those rights. So long as that order remains in force, Mrs. Helton stands at bar as a stranger to the child from a legal point of view. . . . Although we are fully mindful of the claims which may be made in behalf of a mother's rights to her child, we are equally aware of the salutary purpose underlying the laws of adoption. Occasions do arise when parents realize the unhappy necessity of their surrendering parental rights sometimes involuntary (as prescribed by KRS 199.600) and sometimes voluntarily (as prescribed by KRS 199.620). The entire adoption program would be utterly frustrated if judgments terminating parental rights were to be lightly regarded. The prospective adoptive parents, the Department, and indeed the parents whose rights have been terminated would have no assurance of when or if an adoption could be effected if the termination were regarded as revocable. That this condition would militate against the best interests of the child and the public at large hardly needs elaboration.

The appellant, Ralph Hill, assuming he was the legal parent of the infant, Deana Chrie Hill, presented to the Calloway Circuit Court his petition and affidavit as outlined by the statute. He was granted his request, the termination of parental rights to the named infant. The trial court, after reviewing these documents obviously decided Ralph Hill had complied with the basic requirements of KRS 199.620 and entered judgment.

We believe the decision of the trial court to be correct and that the parental rights of the appellant were terminated.

The judgment is affirmed.

All concur.