*Scott Walters, Jr.,* for appellant (case no. 54935).

55169. In re J. C. et al.

WEBB, Judge.

The Carroll County Department of Family & Children Services petitioned the superior court for temporary custody of two minor children, alleging that they were deprived. A hearing was held and the court determined from the evidence presented that the children were deprived and awarded custody to the Department of Human Resources. The parents appeal, contending that the trial court erred in failing to separate the deprivation and disposition hearings, and in admitting at the initial hearing certain written reports containing hearsay on hearsay which were admissible only at the dispositional phase of the hearing.

These contentions have previously been decided adversely to the parents. In *Moss v. Moss,* 135 Ga. App. 401, 402 (1) (218 SE2d 93) (1975), this court noted that while Juvenile Code § 24A-2201 (a) requires the making and filing of findings as to whether the child is deprived on any petition alleging delinquency, unruliness and deprivation, "[t]he patent reason for an explicit finding of deprivation in a petition alleging *multiple* conditions, is to indicate the necessity for and to authorize disposition of the deprived child or children under the statute or statutes deemed applicable by the court . . ." It was held, however, that since the "petition by the county department alleged *only* deprivation, it was unnecessary to make an explicit finding of deprivation. The further finding required by § 24A-3201 (a2) . . . is not required to be explicit, and was implicit from the disposition made in the order and the evidence adduced at the hearing." Ibid. at 403.

Since the petition here alleged only deprivation, consideration of evidence at the initial hearing was merely a technical violation of Code Ann. § 24A-2201 (a). Although the reports contained some hearsay, other evidence presented was sufficient to support the judge's finding that the children were deprived, even without

consideration of that objected to. In such a case, his finding will not be disturbed by a reviewing court. *Moss v. Moss,* 135 Ga. App. 401, 404 (4), supra; *Brown v. Fulton County Dept. of Family &c. Services,* 136 Ga. App. 308, 310 (2) (220 SE2d 790) (1975).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 12, 1978 — DECIDED FEBRUARY 3, 1978 — REHEARING DENIED FEBRUARY 20, 1978 — 

*Word, Nicholson & Cook, Gerald P. Word,* for appellant.

*Thomas Greer, Arthur K. Bolton, Attorney General, Carol Cosgrove, Assistant Attorney General,* for appellees.