### 34156. IN THE INTEREST OF J. C. et al.

JORDAN, Justice.

This appeal by the parents of two minor children is from an order of the Juvenile Court of Carroll County terminating their parental rights.

The Georgia Department of Human Resources, acting through the Carroll County Department of Family & Children Services brought a petition in the Juvenile Court of Carroll County for the termination of the appellants' parental rights, alleging that they are mentally incapable of providing even the most basic needs and means of subsistence for the children, and that there is no prospect for future improvement. After a hearing the judge ordered that the parental rights of the appellants be terminated.

1. The first enumerated error is that the laws under which the proceedings were brought are unconstitutional in that they violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The constitutional attack was made by answer to the petition for termination of parental rights. The laws attacked were not specified other than "the law" upon which the action is based. Even if this vague con-

stitutional attack should be considered sufficient to make an issue, we find it without merit.

Counsel for the appellants argue that Code Ann. § 24A-401 (h) (Ga. L. 1971, pp. 709, 713, as amended) and Code Ann. § 24A-3201 (Ga. L. 1971, pp. 709, 747, as amended), dealing with the termination of parental rights, deprive them of the fundamental constitutional right to raise their children, while promoting no compelling governmental interest; also that these laws discriminate against handicapped persons of extremely low mentality by grouping them with persons who intentionally deprive their children, without a compelling governmental interest for such discrimination and classification.

We agree with the appellants' counsel that the right to raise one's children is a fiercely guarded right in our society and law, and a right that should be infringed upon only under the most compelling circumstances. We cannot agree that there is no compelling governmental interest in terminating the parental rights of mentally deficient parents incapable of caring for their children, or that such parents are denied equal protection of the laws because their neglect of their children is through no fault of their own.

The compelling governmental interest is the welfare of the children. In *Williams v. Crosby,* 118 Ga. 296, 298 (45 SE 282) (1903), this court, in a habeas corpus action, stated: "But in every case, regardless of the parties, the welfare of the child is the controlling and important fact. This is not intended to nullify the laws of nature; for in most instances it will be found that the legal right of the parent and the interest of the child are the same. But if through misconduct or other circumstances it appears that the case is exceptional, and that the welfare of the child requires that it should be separated even from its parent, the parens patriae must protect the helpless and the innocent. They are the wards of the court, the hope of the State, and the seed corn of the future."

The laws authorizing the termination of parental rights are not unconstitutional because they may sever children who are deprived, within the meaning of the law, from parents whose only deficiency is lack of mental

ability to give necessary care to the children.

2. The appellants assert that the actions of the Georgia Department of Human Resources have denied them due process and equal protection of the laws, and that the trial court erred in finding that the parental rights of the appellants should be terminated.

The judge found that the appellants are mentally incapable of maintaining and caring for their children; that the absence of care has caused the children to suffer from severe malnutrition; and that the appellants have received virtually every service available by the Department of Human Resources, but they have demonstrated no improvement in their ability to care for the children.

We have carefully examined the evidence and these findings are authorized by the evidence.

3. It is contended by the appellants that the trial judge erred in admitting into evidence at the initial hearing a report that should have been reserved for the dispositional hearing.

The report was prepared by an employee of the Carroll County Family & Children Services, and was her report to the court for the hearing. She testified at the hearing, and the report was offered in evidence during the course of her testimony. Counsel for the appellants objected to the report as follows: "I object to it, your honor. All this is her testimony all over again, it's putting it in twice. If she wants to testify about it, she can." The trial judge stated that the court has the right to use a report if counsel for the parents is furnished a copy of it, and he allowed the report in evidence.

Counsel for the appellants argue that Code Ann. § 24A-2201 (Ga. L. 1971, pp. 709, 732) requires that in the hearing on a petition alleging deprivation the trial court shall first make its finding as to whether the children are deprived, and that it is only after a decision has been made that the children are deprived that the judge, in considering the disposition to be made of the children, may consider written reports which contain hearsay matter.

In *Camp v. Camp*, 213 Ga. 65 (97 SE2d 125) (1965), this court held that it was reversible error in a habeas

corpus proceeding concerning the custody of minor children for the judge to consider the report of the Welfare Department of Bibb County. Since the decision in the *Camp* case this court has dealt with numerous custody cases in which the question of the consideration of reports has been made.

In cases originating in the superior court where referrals are made to the juvenile court or the Department of Family & Children Services for a report, we have held that Code Ann. § 24A-302 (b) (Ga. L. 1971, pp. 709, 713; 1974, pp. 1126, 1127) authorizes the report, but that it is error for the issue of child custody to be decided on the basis of that report where either parent is denied access to it and thereby denied a hearing and the right to examine witnesses in an effort to refute the report. *Anderson v. Anderson,* 238 Ga. 631 (235 SE2d 11) (1977); *Westmoreland v. Westmoreland,* 241 Ga. 552 (246 SE2d 672) (1978); *McNabb v. Carver,* 242 Ga. 526 (1978).

The present case is one originating and terminating in the juvenile court, and a different procedure is involved from that dealt with in the cases above cited. Code Ann. § 24A-2201 (Ga. L. 1971, pp. 709, 732) provides the rules for hearings in juvenile courts on questions of delinquency, unruliness, and deprivation of children. Subsection (a) provides for the hearing of evidence to determine whether a child is delinquent, unruly, or deprived. Subsection (d) provided for a dispositional hearing, in which reports may be received by the court and relied upon to the extent of their probative value "even though not otherwise competent in the hearing on the petition." It is further provided: "The parties or their counsel shall be afforded an opportunity upon request to examine and controvert written reports so received and to cross examine individuals making the reports, . . ."

The Court of Appeals in *Moss v. Moss,* 135 Ga. App. 401, 403 (3) (218 SE2d 93) (1975), held that where a petition for the termination of parental rights alleged only that the children were deprived (not delinquent or unruly), it was not necessary for the juvenile judge to hold a dispositional hearing. It was further held in that case that the consideration of reports by the Department of Family & Children Services and a caseworker's report at

the adjudicatory hearing "technically" violated Code Ann. § 24A-2101(a), but that this was not reversible error where the court excluded hearsay from the department's reports and the caseworker was available for cross examination. It was presumed by the Court of Appeals that the trial judge did not consider the hearsay material in the reports, and the judgment was affirmed since there was adequate evidence to support it. The *Moss* case was followed by the Court of Appeals in *In re J. C.*, 144 Ga. App. 868 (242 SE2d 729) (1978), which was a review of the temporary disposition of the same minor children of the appellants in the present case.

While it is our view that the consideration of reports at the fact-finding hearing is more than a technical violation of Code Ann. § 24A-2101 (a), under the particular facts of a case it may not be reversible error. In the present case the report was made by the caseworker who testified and was cross examined at the hearing. The evidence introduced at the hearing, not considering the report, was sufficient to support the findings of fact made by the judge. We will assume that the judge did not consider any hearsay testimony in the report in his determination that the children were deprived. It was not reversible error to allow the report in evidence at the factfinding hearing, over the objection made.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

Argued October 11, 1978 — Decided December 5, 1978 — Rehearing denied December 19, 1978.

*Word, Cook & Word, Gerald P. Word, Ayres Gardner, Roy M. Sobelson,* for appellants.

*Tisinger, Tisinger & Vance, Thomas E. Greer, Arthur K. Bolton, Attorney General, Carol A. Cosgrove, Assistant Attorney General,* for appellee.