## 58242. WOOTEN v. DEPARTMENT OF HUMAN RESOURCES.

CARLEY, Judge.

This is an appeal from an order of the Juvenile Court of Fulton County terminating the parental rights of the appellant, Nancy Wooten, upon application by the Fulton County Department of Family and Children Services.

1. Appellant enumerates as her first error the admission in evidence of the entire agency file, including reports of caseworkers prior to the caseworker currently handling the matter and other agencies not represented in court. The rule controlling this issue is set forth in Code Ann. § 24A-2201 (d): "In dispositional hearings under subsections (b) and (c), and in all proceedings involving custody of a child, all information helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition. *The parties or their counsel shall be afforded an opportunity upon request to examine and controvert written reports so received and to cross-examine individuals making the reports,* except that portions of such reports not relied on by the court in reaching its decision which, if revealed, would be prejudicial to the interest of the child or any party to the proceeding may be withheld in the courts' discretion. Confidential sources of information need not be disclosed." (Emphasis supplied.)

The Supreme Court considered similar situations involving this statute in *In the Interest of J. C.,* 242 Ga. 737 (3) (251 SE2d 299) (1978), holding as follows: "The Court of Appeals in *Moss v. Moss,* 135 Ga. App. 401, 403 (3) (218 SE2d 93) (1975), held that where a petition for the termination of parental rights alleged only that the children were deprived (not delinquent or unruly), it was not necessary for the juvenile judge to hold a dispositional hearing. It was further held in that case that the consideration of reports by the Department of Family & Children Services and a caseworker's report at the adjudicatory hearing 'technically' violated Code Ann. § 24A-2101 (a), but that this was not reversible error *where*

*the court excluded hearsay from the department's reports and the caseworker was available for cross examination.* It was presumed by the Court of Appeals that the trial judge did not consider the hearsay material in the reports, and the judgment was affirmed since there was adequate evidence to support it. The *Moss* case was followed by the Court of Appeals in *In re J. C.*, 144 Ga. App. 868 (242 SE2d 729) (1978), which was a review of the temporary disposition of the same minor children of the appellants in the present case. (Emphasis supplied.)

"While it is our view that the consideration of reports at the fact-finding hearing is more than a technical violation of Code Ann. § 24A-2101 (a), under the particular facts of a case it may not be reversible error. In the present case the report was made by the caseworker who testified and was cross examined at the hearing. The evidence introduced at the hearing, not considering the report, was sufficient to support the findings of fact made by the judge. We will assume that the judge did not consider any hearsay testimony in the report in his determination that the children were deprived. It was not reversible error to allow the report in evidence at the factfinding hearing, over the objection made."

Here the only caseworker introduced by the agency as a witness had been on the case for less than a year and her personal knowledge of the circumstances was within the same time frame. The judge's order terminating parental rights, however, clearly takes into consideration accrued reports of the mother's conduct and the child's condition since 1971, all of which were contained in the agency file. The records were indiscriminately admitted, over objection, and were full of conclusions, opinions and speculation including, among other things, a psychological evaluation of the child and statements not subject to cross examination that the mother was unable to properly care for the child. The question then turns upon whether the appellant was "afforded an opportunity upon request to examine and controvert written reports so received and to cross-examine individuals making the reports," as required by Code Ann. § 24A-2201 (d).

While a juvenile court judge has more flexibility in admitting hearsay, since he can be presumed to ignore the

illegal evidence and base his judgment only upon that which is admissible, he still cannot avoid the rules intended to protect the rights of both the parent and the child. And if a termination of parental rights is based upon hearsay evidence, admitted and considered over objection, it is reversible error. Cf. *In the Interest of J. C.,* 242 Ga. 737, 741, supra.

Our review of the record reveals that the juvenile court did not allow the appellant access to the records and that the caseworkers were not available for cross examination. The agency's case was based primarily on the testimony of one witness, a caseworker who had only slight contact with the appellant until six months prior to the hearing and had known her less than a year, and who consistently admitted that her knowledge of the appellant was based upon her reading of the agency records. In such circumstances we cannot say that the evidence met the standards required for termination of parental rights. We, therefore, conclude that under the particular facts of this case it was reversible error to allow the full file of the agency reports in evidence at the fact-finding hearing, over the objection made. Cf. *In the Interest of J.C.,* 242 Ga. 737, 740 (3), supra.

2. Appellant complains that she was improperly restricted in cross examination of the agency's expert witness in regard to her knowledge of the writings of certain recognized authorities within the field of her expertise. She relies upon *Boswell v. State,* 114 Ga. 40, 43 (3) (39 SE 897) (1901), which holds that "[b]ooks of science and art are not admissible in evidence to prove the opinions of experts therein expressed. [Cits.] But, notwithstanding the inadmissibility of the books, the opinions contained therein may come to the jury through the mouth of an expert witness. [Cits.]"

The agency insists that appellant's contention has previously been decided adversely to her position in *State Hwy. Dept. v. Willis,* 106 Ga. App. 821, 824 (3) (128 SE2d 351) (1962). This court there stated that "[w]hile it has been held that an expert witness may be cross-examined by reference to a standard treatise in the field of the expert's special knowledge to test his credibility, we are of the opinion that an expert cannot be cross-examined upon

a treatise which has not been proved to be a standard treatise on the subject. [Cits.]"

We do not think that either case cited is controlling, but, *Willis* is clearly distinguishable. First, the objective of the cross examination here was to challenge the qualifications of the expert as opposed to the validity of her testimony. Second, nothing in *Willis* indicates that an opposing party cannot prove by cross examination of the expert that a treatise is standard on the subject. The requirement that the treatise must previously have been proved to be standard applies to cross examination of the expert as to the credibility of his testimony, rather than for the purpose of showing whether he is in fact qualified to be an expert.

It is elementary that "[t]he right of cross examination, thorough and sifting, shall belong to every party as to the witnesses called against him." Code § 38-1705. Thus it was early held that "[w]itnesses who have testified as experts in handwriting may be cross examined in any appropriate way to test their skill." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 755 (30) (12 SE 18) (1890). Compare *Queen v. Bair,* 137 Ga. App. 30, 31 (2) (223 SE2d 8) (1975), where the appellant complained that the trial court erred in allowing her expert witness to be cross examined as to beliefs of other chiropractors because his testimony "illustrated nothing in regard to his qualifications." In *Mize v. State,* 240 Ga. 197 (4) (240 SE2d 11) (1977), the defendant asserted that the state was erroneously allowed to cross examine his expert witness from a treatise for which a proper foundation had not been laid. The Supreme Court held there was no merit in this contention because "[d]efendant's expert witness testified that he was familiar with the book, that he had studied under the editors of the book, had used it during his studies and that it was accepted as one of the many books in the field."

In the instant case, the agency's primary witness was qualified as an expert in parent-child relationships over appellant's objection. Yet when counsel for appellant attempted to ask the witness if she was "familiar with the works of Sigmund Freud," the court prevented further inquiry into her knowledge of this or other authorities,

thereby precluding proof "through the mouth of" the witness that the treatises were standard on the subject, as was done and approved by the Supreme Court in *Mize*, supra. We, therefore, conclude that the court also erred in unduly restricting the appellant's right to cross examine this witness as to her expertise.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED NOVEMBER 14, 1979.

*C. Samuel Rael,* for appellant.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, James T. Barfield, III, R. David Botts,* for appellee.