No. 85-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN THE MATTER OF
C.P., Youth in Need of Care.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cascade Law Clinic; Paula Jampsa, Great Falls,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Dorothy McCarter, Asst. Atty. General, Helena
Patrick L. Paul, County Attorney, Great Falls,
Montana; Barbara Bell, Deputy County Attorney

Submitted on Briefs: Jan. 23, 1986

Decided: April 24, 1986

Filed: APR 24 1986

_Ethel M. Harrison_
Clerk

Mr. Justice Justice L. C. Gulbrandson, delivered the Opinion of the Court.

Appellant, C.P.'s mother, appeals from a Cascade County Youth Court order awarding permanent custody of C.P. to Social Rehabilitation Services (SRS). She contends that this final order should have included a provision for an "open" adoption under an agreement between appellant, SRS and the county attorney. We affirm.

In May 1983, the Cascade County Attorney's Office filed a petition for temporary custody and temporary investigative authority alleging C.P. was abused, neglected and dependent within the meaning of §§ 43-3-101 and -102, MCA. The supporting affidavit alleged that appellant sexually abused C.P. The District Court granted the temporary custody request and ordered that visitation between appellant and C.P. was to be supervised, that both appellant and C.P. should receive psychological evaluations and that they complete any treatment recommended as a result of the evaluations.

On the basis of the evaluations, the county attorney's office filed for temporary custody of C.P. for one year with SRS and requested a treatment plan for appellant. In November 1983, after a hearing, the District Court concluded that (1) C.P. should continue to reside in foster care with his aunt, appellant's sister, and he was doing well in psychotherapy, (2) appellant continued to deny any sexual abuse of her son by herself, (3) psychological evaluations and counselling of C.P. revealed that he was hypersexual and had been sexually abused, and (4) in the opinion of the psychologist, appellant committed the sexual abuse.

2

About two and one-half months later, appellant asked the District Court to modify this order and allow C.P. to return to her custody. She argued that she and C.P. had made progress in counselling and continued separation would only further weaken their relationship. After two hearings, the District Court denied this request. SRS continued to have legal custody, C.P.'s aunt continued to have physical custody, and visitation between C.P. and appellant continued to be supervised.

About six months later, in September 1984, the county attorney's office filed for permanent custody to be awarded to SRS with the right to consent to an adoption of C.P. The petition alleged appellant failed to complete her court ordered treatment plan, did not maintain contact with her social worker and that the conditions making her an unfit parent were unlikely to change within a reasonable amount of time. The hearing on this petition began on January 21, 1985 and was continued to and completed on February 7, 1985. Appellant, C.P. and C.P.'s father were present and represented by counsel during the proceedings. The District Court found that appellant (1) lacked a stable home environment, (2) lacked a stable job situation, (3) denied any involvement in the sexual abuse of her son, (4) made no gains in her parenting skills, (5) refused to release medical information needed to set up a treatment plan for herself, and (6) failed to complete her treatment plan and her alcohol abuse program. The District Court also noted C.P.'s father had not contacted C.P. for three years and paid no child support although, at times, he was capable of doing so. The order, filed July 2, 1985, terminated the appellant's and the father's parental rights and awarded

3

permanent custody to SRS with the right to consent to C.P.'s adoption by the aunt who was his foster mother.

Prior to the entry of this final order, appellant's attorney, the social worker and a representative of the Cascade County Attorney's Office discussed including visitation rights for appellant in the order in the event SRS placed C.P. for adoption. The date or dates of discussion are not clear and the record contains no indication that the parties informed the District Court of the discussions or reached any agreement on this issue.

On appeal, appellant presents one issue: Whether the final order for permanent custody should have included a provision for an "open" adoption allowing her to have visitation rights with C.P.

The findings of a district court in an abuse and neglect case enjoy a presumption of correctness and "will not be disturbed unless there is a mistake of law or a finding of fact not supported by credible evidence that would amount to a clear abuse of discretion . . ." (Citation omitted.) In Re Gore (1977), 174 Mont. 321, 325, 570 P.2d 1110, 1112. When a district court considers terminating parental rights, it must find clear and convincing evidence of abuse before such rights can be terminated. In Re T.J.D. (Mont. 1980), 615 P.2d 212, 213, 37 St.Rep. 1385, 1386. Appellant here does not contend that the District Court erred in terminating her parental rights, only that she should have retained visitation rights if SRS places the child for adoption.

Montana statutes governing termination of parental rights are clear and explicit. Section 41-3-611, MCA, states:

4

> (1) An order for the termination of the parent-child legal relationship divests the child and the parents of <u>all legal rights</u>, powers, immunities, duties and obligations with respect to each other as provided in Title 40, chapter 6, part 2, except the right of the child to inherit from the parent.
>
> . . .
>
> (3) After the termination of a parent-child legal relationship, the former parent is neither entitled to any notice of proceedings for the adoption of the child <u>nor</u> has <u>any right to object to the adoption or to participate in any other placement proceedings</u> held pursuant to 41-3-609. [Emphasis added.]

Section 40-8-125, MCA, states:

> (1) After the final decree of adoption is entered, the relation of parent and child and all the rights, duties, and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the adoptive parents. . .
>
> (2) After a final decree of adoption is entered, the natural parents . . . of the adopted child . . . <u>shall be relieved of all parental responsibilities for said child and have no rights over such adopted child</u> . . . [Emphasis added.]

This language is clear. When parental rights are terminated, the natural parent no longer has <u>any</u> rights over the child. This includes visitation rights. Appellant cites no authority to support her contention and this Court finds none.

Even if the statutes provided for such a retention of visitation rights, the record in this case contains <u>no</u> evidence to support such a finding. No one presented an agreement on such visitation to the District Court and no one testified concerning whether an "open" adoption would serve the physical, mental and emotional needs of C.P. There is no question that appellant disputed SRS obtaining permanent

5

custody. Thus, there is no question of whether she agreed to their custody in exchange for visitation rights. The record contains no facts which would support the District Court's inclusion of visitation rights for appellant in the event C.P. is adopted.

Appellant has new counsel representing her on appeal. This counsel appended a letter written by appellant's prior counsel to the deputy county attorney involved in the discussion. The letter is not part of the record and it will not be considered on appeal. We hold that the final order for permanent custody correctly contained no provision for an "open" adoption.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6