**In re ESTATE OF Marie Rose BRAA, also known as Marie R. Braa, Deceased.**

No. C1–89–259.

Court of Appeals of Minnesota.

June 27, 1989.
Review Granted Sept. 15, 1989.

Robert C. Huseby, Larson, Huseby & Brodin, Ltd., Duluth, for appellant Virginia Marie Carlson.

Teri W. Leibforth, Two Harbors, for respondent Personal Representative.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and MULALLY *, JJ.

## OPINION

### EDWARD D. MULALLY, Judge *.

Appellant Virginia Carlson appeals from an order of the Lake County Court, Probate Division, adjudging her to be without legal relationship to Marie Braa, her adoptive mother. The order deprives Virginia of standing to contest Marie's will or participate further in the probate of her estate. We reverse.

## FACTS

Virginia Carlson was adopted by Marie and Oliver Braa on December 15, 1953, when she was nine years old. Virginia had lived with the Braas for five years prior to that time and had exhibited behavioral problems of which the Braas were aware. These problems continued after formal adoption, and in 1956 the Braas consented to having Virginia adjudged a dependent and neglected child. Thereupon, the Lake County Juvenile Court ordered Virginia committed to the permanent custody, control, and guardianship of the Commissioner of Public Welfare. Virginia was then delivered to the County Welfare Board, where she remained under the Commissioner's permanent custody, control, and guardianship until her eighteenth birthday, at which time she was released from foster care.

Marie Braa died testate on November 4, 1984, leaving her three brothers surviving her, her husband having predeceased her. On April 15, 1985, Virginia petitioned the Lake County Court, Probate Division ("probate court") for adjudication of status of testacy, determination of heirs, and appointment of administrator.[1] The probate court rejected Virginia's petition for heirship on the grounds that her commitment terminated her legal relationship with the Braas. The probate court's order deprives Virginia of the right to participate in the probate of Marie's estate.

## ISSUE

Did Virginia's commitment terminate her right to inherit from Marie?

## ANALYSIS

■ Virginia's commitment to the Commissioner of Public Welfare in 1956 was authorized by Minnesota Statutes Chapter 260 (1953). That chapter was enacted in 1917 and revised substantially in 1959. *See* 1917 Minn.Laws 397; 1959 Minn.Laws 685. The case *In re Anderson,* 235 Minn. 192, 50 N.W.2d 278 (1951), upon which the probate court relied, is one of the few decisions to have interpreted chapter 260 as it stood at the time of Virginia's commitment.

In *Anderson,* the mother of an illegitimate child sought to regain custody of her child, who had been committed to the guardianship of the Lutheran Welfare Society, on the grounds that her consent to the commitment was invalid. According to the supreme court, the mother's consent was valid, and commitment of the child to the Society permanently terminated the mother's parental rights. *Id.* at 197–199, 50 N.W.2d at 283–844. *Anderson* did not, however, address the question at issue here, namely what effect commitment has on the right of the child to inherit from a parent.

The case of *Spence v. Levi,* 133 Ga.App. 581, 211 S.E.2d 622 (1974),[2] aids our resolution of this matter. There, the court was asked to determine whether a committed child was entitled to inherit from his natural mother after the mother's parental rights were legally terminated pursuant to a Georgia Statute, which reads:

An order terminating the parental rights of a parent terminates all his rights and

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. On May 6, 1986, Virginia filed an objection to the document admitted to probate as the Last Will and Testament of Marie R. Braa. Such objection was based on a claim of lack of testa-

mentary capacity or intent, undue influence, fraud, duress, and mistake.

2. *Spence* was overruled on other grounds in *Chancey v. Department of Human Resources,* 156 Ga.App. 338, 274 S.E.2d 728 (1980) (discussing standard for termination of parental rights).

obligations with respect to the child and of the child to him arising from the parental relationship, including rights of inheritance.

Ga.Code Ann. § 24A–3203 (1974). Viewing section 24A–3203 as an unequivocal legislative pronouncement, the court held that no rights of inheritance remained with the child after termination of parental rights under the act.

Unlike the Georgia statute, the *Anderson* decision does not address what effect termination of parental rights has on a child's right to inherit. *Anderson* does not speak to a child's general rights vis-a-vis his parents subsequent to termination of parental rights. Minnesota's current custody laws speak only in terms of terminating "parental rights to a child" and leave unanswered the concomitant question of childrens' rights after termination of parental rights. *See* Minn.Stat. § 260.011 (1988).

 In our view, the distinction between the clear legislative pronouncement in *Spence* and the language in *Anderson* is dispositive. Where, as in this case, neither the legislature nor the courts have expressly provided for the severance of the child's right to inherit upon termination of parental rights, the child's right to inherit is undiminished. Support for this decision is derived from the general legislative tendency to ensure such rights for children after termination of parental rights. *See generally Sands v. Sands,* 157 Ariz. 322, 757 P.2d 126 (Ct.App.1988) (interpreting statute preserving child's right to inherit after termination of parental rights); *Hill v. Garner,* 561 S.W.2d 106 (Ky.Ct.App.1977) (same); *In re C.P.,* 221 Mont. 180, 717 P.2d 1093 (1986) (same); *Holick v. Smith,* 685 S.W.2d 18 (Tex.1985) (same). We are in accord with this view and hold that Virginia's right to inherit from the Braas was not severed upon her commitment, even though such commitment terminated the Braas' custodial rights to Virginia. This result comports well with the recognized view that statutes dealing with dependent and neglected children should be liberally construed as regards the best interests of the child. *See In Re Klugman,* 256 Minn. 113, 120, 97 N.W.2d 425, 429–30 (1959); *Anderson,* 235 Minn. at 200, 50 N.W.2d at 284.

### DECISION

The probate court's order depriving Virginia Carlson of the right to contest the document admitted to probate as the Last Will and Testament of Marie Braa, or to participate in the probate of Marie Braa's estate, is reversed.

Reversed.