**James Harper SCOTT, Appellant,**

v.

**MONTGOMERY TRADERS BANK AND TRUST COMPANY and Sheila Williams, Appellees.**

No. 96–SC–004–DG.

Supreme Court of Kentucky.

Dec. 18, 1997.

John O. Morgan, Jr., Kincaid, Wilson, Schaffer, Hembree, Van Inwegan & Kinser, P.S.C., Lexington, for Appellant.

George W. Moore, Mt. Sterling, F.C. Bryan, F C Bryan Law Office, P.S.C., Mt. Sterling, for Appellees.

MICHAEL T. CONNELLY, Special Justice.

Harper Scott ("Harper") and Sheila Williams ("Sheila") were married on New Year's Eve 1980. A son, Jason Kyle Scott, was born as a result of this marriage on November 30, 1981. Due to complications apparently brought about, at least in part, by medical negligence at birth, the child was severely handicapped. Harper and Sheila were divorced on November 18, 1983, and custody of Jason was awarded to his mother.

Jason (via his mother/next friend) received a substantial settlement from the persons and entities she alleged were responsible for his injuries. Apparently as a condition of the settlement, Montgomery Traders Bank ("Bank") was to be appointed as trustee of a trust into which the settlement sum was paid. On June 8, 1984, acting as "custodial parent and next friend," Sheila executed a trust agreement naming the Bank trustee and providing for the management of the proceeds of that settlement. Sheila was not appointed guardian by the District Court prior to accepting settlement and the trust settlement and administration of Jason's money was not approved nor administered by District Court.

On October 12, 1990, appellant's parental rights were terminated by the Montgomery Circuit Court, on petition of Sheila. Harper did not contest or appeal the order terminating his parental rights, Harper asserts his failure to contest the parental termination action was the result of lack of financial ability.

Unfortunately, Jason died on February 22, 1991. Approximately six (6) months after Jason's death, Harper filed a motion pursuant to CR 60.02 seeking to set aside the order terminating his parental rights. Harper's CR 60.02 motion was denied by the trial court, affirmed by the Court of Appeals and Discretionary Review was denied.

Shortly after filing his CR 60.02 motion, Harper also filed suit against the Bank seeking distribution to him of one-half (½) of Jason's trust fund. His claim was based

upon the assertion that Jason's trust established by Sheila was irrevocable and that the trust agreement provided that upon Jason's death, one-half (½) of the trust corpus would be distributed to "James Harper Scott, the natural father of Jason Kyle Scott." Sheila was allowed to intervene and the trial court granted her requested summary judgment and dismissed the Complaint. The Court of Appeals affirmed the trial Court's summary dismissal.

Sheila was not appointed by District Court as guardian for Jason prior to settling his negligence claim and receiving Jason's settlement funds. The purported trust was established by the Bank and Sheila without approval of District Court, was administered without filing settlements or accountings of trust transactions with District Court, and, was administered without District Court supervision and control. It is fundamental legal knowledge in this state that District Court has exclusive jurisdiction "... for the appointment and removal of guardians ... and for the management and settlement of their accounts" and that a person must be appointed as guardian by the Court in order to legally receive settlements in excess of $10,000.00. *KRS 387.020(1)–KRS 387.125(b)*. Sheila, the tortfeasor, and the bank's failure to comply with these basic mandatory guardianship statutes is perplexing. Practicing members of the bar should be aware that strict compliance with the guardianship statute is necessary and expected.

■ Sheila failed to obtain appointment as guardian. Thus she was without legal authority under Kentucky law to fund the trust from the settlement sums received as a result of Jason's injuries. The only legally authorized administration of a ward's claim and fund is pursuant to *KRS 387; Jones v. Cowan*, Ky.App., 729 S.W.2d 188 (1987).

■ The money received in the malpractice settlement belonged to Jason before and at the time of his death regardless of the invalidity of the trust. It is now an asset of his estate and must be disposed of in some manner. Jason was incapable of making a will and his mother Sheila had no legal authority to make testamentary provisions for him in the trust agreement or otherwise. *KRS 394.020*. The funds in "Jason's trust" together with any other property and claims relating thereto must be administered and distributed in accordance with *KRS 395* and *KRS 391* (law of descent and distribution). Harper's claims, if any he has, must be based upon kinship under the intestacy statute.

■ An order terminating parental rights is a final judgment and this order ends all legal relationships between parent and child. *KRS 625.100; Hill v. Garner*, Ky. App., 561 S.W.2d 106 (1978); *Commonwealth v. Helton*, Ky.App., 411 S.W.2d 932 (1967). Regardless of Harper's affection for his child and his financial problems which may have affected his ability to contest the termination proceeding, Harper's parental rights were terminated by a final judgment from which no appeal was taken. His motion to set aside that judgment has been denied and this denial has been affirmed on appeal. The termination of Harper's parental rights with Jason is final and he cannot now claim otherwise. Harper has no intestate or inheritance claim for distribution from Jason's estate.

We, therefore, affirm the judgment of the Montgomery Circuit Court and the Kentucky Court of Appeals.

All concur.

JOHNSTONE, J., not sitting.