## J. W. SELLARS v. FITE, ANDERSON & GREEN.

PRINCIPAL AND SURETY. *Property of Principal must be exhausted first. Statute Directory.* The Act of the Assembly that requires the Sheriff to exhaust the property of the principal in the execution before the property of the surety shall be taken, is only directory to the officer. If he disregards this direction, and thereby the surety is injured, the officer is liable in damages to the party aggrieved, but the execution and sale of the property of the surety will be good and valid, notwithstanding the principal has property that might have been seized.

Cases cited: Atkinson v. Rhea, 7 Hum., 59: Beeler v. Hall, 11 Hum., 446; Cheatham v. Brien, 3 Head, 553.

Code cited: §3028 to §3031.

Act cited: Act of 1843, Ch. 32, §1 and 2.

### FROM DEKALB.

Appeal from the Circuit Court. JOSEPH CLARK, Special Judge.

J. A. & R. C. NESMITH for Sellars.

R. CANTRELL for Fite, Anderson & Green.

DEADERICK, J., delivered the opinion of the Court.

Fite, Anderson & Green obtained a judgment before a Justice of the Peace of DeKalb County, against one J. H. Dodd, which was stayed by plaintiff Sellars. Execution was issued upon the judgment, against Dodd, and Sellars as stayor, and the officer levied the same on several horses as the property of Sellars, showing

by his return, endorsed upon the execution that Dodd had no property, real or personal, on which to levy such execution.

The stayor, Sellars, filed his petition for writs of certiorari, and brought the cause into the Circuit Court, and entered a motion to quash the execution; and plaintiff below entered a motion to dismiss the petition.

The petition states that petitioner was stayor, and Dodd principal in the execution, and that these facts were shown in the execution; that Dodd had property liable to the execution at the time of the levy, which he, petitioner, pointed out to the officer, and that his return that Dodd had no property was false.

The Circuit Judge dismissed the petition, and Sellars appealed to this Court.

By §3028 to §3031 of the Code, it is provided, that when the judgment is against a principal, and his surety, or stayor, or endorser, and the fact of such suretyship is recited in the judgment and execution; that the officer having such execution, shall levy the same first upon the property of the principal, before proceeding to sell the property of the surety, stayor or endorser. But such surety, stayor or endorser, if so requested by the officer, shall show the property of the principal to entitle himself to the benefit of this provision.

These sections of the Code embody the substantial provisions of the Act of 1843, Ch. 32, §§1 and 2, and have been several times construed by this Court.

In the case of *Atkinson & Cobb* v. *Rhea,* 7 Hum., 59, Cobb was surety of Atkinson, and the execution was levied on his property.

Cobb, upon a motion to quash the execution, insisted that as he was surety, and Atkinson, principal, the execution should have been levied upon the negro girl of Atkinson, and not upon his, Cobb's negro boy, because the law required that the property of the principal should be first exhausted. To this the Court say, that Cobb, in his petition claims the girl as his own property, and has no right in the face of such claim to insist she should have been levied on, instead of the boy.

If the girl and boy both belonged to Cobb, neither could have been levied on while the principal had property liable to execution, according to the construction of the law insisted upon.

But the Court further say, as decisive of the question made, that "the Act of the Assembly that requires the Sheriff to exhaust the property of the principal in the execution before the property of the surety shall be taken, is only directory to the officer. If he disregards this direction, and thereby the surety is injured, the officer is liable in damages to the party aggrieved, but the execution and sale of the property of the surety will be good and valid, notwithstanding the principal has property that might have been seized." This, we think, is a direct adjudication of the question fairly raised upon the facts presented in the case.

The case of *Beeler* v. *Hall,* 11 Hum., 446, decides

nothing in conflict with the direct and unequivocal holding in the case in 7 Hum.

Judge McKinney, in the case of *Beeler* v. *Hall*, says, upon the facts in the record, Beeler, the stayor of the judgment, would have the right to require that the property of the principal should be exhausted before proceeding against his property.

The Act of 1843, and Code, §3028, require the same thing in language quite as strong as that used by Judge McKinney. But this requirement has been construed by this Court in 7 Hum., 59, and 3 Head, 554, to operate upon the officer, and not to effect the right or remedy of the plaintiff.

In 3 Head, 553, Judge McKinney delivering the opinion of the Court, refers to and approves the case of *Atkinson* v. *Rhea*, 7 Hum.

He re-affirms the holding in the 7 Hum. case, saying, that the provision of §3028 of Code is directory, and proceeds to say that where the principal's property is encumbered, or there is any legal obstacle in the way of its immediate subjection to execution, the officer not only might disregard the direction of the Statute to first exhaust the principal's property, but it would be his positive duty to do so, and to proceed at once against the property of the stayor or other surety. But he adds, the officer must be careful, at his peril, not to pass over the property of his principal if it is accessible.

These sections of the Code were not intended to embarrass the creditor in the collection of his debts, but to give sureties additional means of self-protection against

their liabilities, in having it in their power to compel the officer to exhaust their principal's property in the first instance, and if he refused to obey the requirements of the Statute without legal excuse, then to hold him liable for the payment of such damages as the surety may have sustained by his wilful neglect of his duty.

Let the judgment be affirmed.