# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 8, 2000 Session

## CUMBERLAND BANK, ET AL. v. HENRIETTA SMITH, ET AL.

### Appeal from the Chancery Court for Smith County
### No. 6398     C. K. Smith, Chancellor

_____

### No. M2000-00052-COA-R3-CV - Filed October 12, 2000

_____

A creditor filed an action to sell a parcel of the debtor's real estate to satisfy a judgment lien on the property. The Chancery Court of Smith County granted the relief requested. The judgment debtor asserts on appeal that the underlying judgment and a nulla bona sheriff's return are void. For the reasons set forth in our opinion below, we affirm the action of the lower court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and HOLLY K. LILLARD, JJ. joined.

Michael R. Jennings, Lebanon, Tennessee, for the appellant, Henrietta Smith.

J. Branden Bellar, Carthage, Tennessee, for the appellee, Cumberland Bank.

### OPINION

The Cumberland Bank filed this action to sell a tract of real estate owned by the defendant, Henrietta Smith. The complaint exhibited a copy of a May 1998 judgment from the Circuit Court of Smith County against Cordell Smith and Henrietta Smith. The judgment showed that it was registered in the Smith County Register's Office on May 21, 1998. The complaint prayed that the property be sold and the proceeds applied to the judgment.

Ms. Smith filed an answer containing only general denials and no affirmative defenses. At the trial Ms. Smith's counsel orally raised several defenses to the underlying judgment, which the chancellor patiently explored and found to be without merit. He also sought to avoid the sale by attacking the execution returned nulla bona. We will consider the issues on appeal, since it appears that they were actually tried in the court below. *See* Rule 15.02, Tenn. R. Civ. P.

## II.
### THE EXCLUSION OF EVIDENCE

First, the appellant asserts that the trial court erred by excluding any oral evidence of the circuit court proceedings when the bank obtained the underlying judgment. We fail to find in the record, however, where the excluded evidence was preserved for our review. Tenn. R. Evid. 103(a)(2) requires an offer of proof to predicate error on the trial court's exclusion of evidence. Since we do not know what the appellant intended to prove and it is not evident from the context, we cannot fault the trial judge's action.

## III.
### THE CIRCUIT COURT JUDGMENT

The appellant asserts that the circuit court judgment is void. She bases this assertion on several perceived shortcomings in the circuit court procedure. The only record we have from the circuit court is a collective exhibit introduced by the bank. The exhibit contains a certification from the circuit court clerk that the included documents "appears of record in my office." The certificate does not say that the exhibit contains the entire record, but the chancellor apparently accepted the record as being complete.

The exhibit contains a complaint filed on November 12, 1997 against Cordell Smith and Henrietta Smith demanding judgment on a note executed on December 13, 1996. The sheriff returned a summons served on each of the defendants on November 15, 1997. On March 5, 1998, the bank filed an amended complaint that described some collateral securing the note and prayed that the bank be allowed to repossess the collateral and sell it. No answer had been filed by the defendants.

On March 6, 1998, the bank filed a notice that it would appear before the court on April 3 to seek an order of possession for the collateral. Apparently that hearing did not take place, because the bank filed another notice on May 12, 1998 that it would seek an order of possession on May 21. The next entry in the record is a May 21, 1998 judgment against both defendants in the amount of $69,761.16.

The defendants filed a joint motion to reconsider and set aside the May 21 judgment. They alleged that they had no notice that a final judgment would be sought at the May 21 hearing; that the only relief they were aware that the bank was seeking was possession of the collateral, and they did not appear because they had no objection to an order of possession. The bank filed a response pointing out that neither defendant had answered the complaint and that the bank had no notice that Henrietta Smith was represented by counsel until she filed the motion to set aside the judgment.

The circuit court held a hearing on June 22, 1998 and denied the motion to reconsider and set aside the judgment. The court's order recites "Upon the argument of counsel and the proof

-2-

reflected in the record, the court found Defendant's motion not well taken and thereby overruled the same."

On June 23, 1998, the defendants filed a joint answer admitting the material allegations of the amended complaint. The answer also contained a counterclaim by Henrietta Smith alleging that she was persuaded to sign her son's renewal note in reliance on the bank's false statements that her signature was necessary to secure additional credit for her son to purchase a truck. She sought a rescission or cancellation of the note.

The defendants filed a notice of appeal from the order refusing to set aside the judgment, but this court dismissed the appeal when the defendants failed to file a bond as required by Rule 6, Tenn. R. App. P. The circuit court judgment, therefore, became final.

Based on the circuit court record the appellant asserts that the judgment is void because she had no notice that the case was to be tried on May 21, 1998 and because a judgment for default requires at least a thirty day notice under Rule 55.01, Tenn. R. Civ. P. In our opinion this amounts to a collateral attack on the circuit court judgment on the notion that the circuit court violated Ms. Harris' right to due process.

A collateral attack on a prior judgment may be successful if the judgment is void because the court rendering the judgment acted in a manner inconsistent with due process of law. *See* 47 Am. Jur. 2d *Judgments* § 916. But a judgment is not subject to collateral attack for mere errors or irregularities committed by the court in the exercise of its jurisdiction. *Id.* "Errors other than lack of jurisdiction render the judgment merely voidable," *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987); and a voidable judgment can only be challenged on direct appeal, *Tigrett v. Union Planters National Bank*, 973 S.W.2d 208 (Tenn. Ct. App. 1997), *Hamm v. Hamm*, 204 S.W.2d 113 (Tenn. Ct. App. 1947).

We think the irregularities complained of in the circuit court procedure resulted in a judgment that was at most voidable. The appellant's remedy for the circuit court's alleged errors was an appeal to this court. When she failed to perfect her appeal she waived her right to complain about the judgment on which the bank brought this action.

## IV.
### THE CHANCERY ORDER OF SALE

The appellant attacks the chancery court's order of sale on the ground that the execution should have been levied on the property of Cordell Smith (principal) first before subjecting the property of Henrietta Smith (Surety). *See* Tenn. Code Ann. § 26-3-105(a). But the statute does not apply where the judgment does not recite that it is against a principal and surety, Tenn. Code Ann. § 26-3-107; *Beeler v. Hall*, 30 Tenn. 445 (1850), and the statute is directory only. *Sellars v. Fite*, 62 Tenn. 131 (1873). If the sheriff violates the statute the execution is still good, but the surety may have an action against the officer. *Id.*

The appellant also attacks the nulla bona return of the execution because the officer did not make an adequate investigation to find the appellant's personal property. *See* Tenn. Code Ann. § 26-3-101. As the trial judge found, if the sheriff's return was erroneous that is a matter between the sheriff and Ms. Smith, but the judgment creditor only has thirty days after the nulla bona return to file an action to preserve the judgment lien. *See* Tenn. Code Ann. § 25-5-104. The creditor has the right to rely on the sheriff's return. If, in fact, Ms. Smith has sufficient personal property she should pay the judgment and lift the lien from her real estate.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Smith County for any further proceedings necessary. Tax the costs on appeal to Henrietta Smith.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-4-