IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 2, 2003 Session

IN RE: ADOPTION OF: SAMUEL JUSTIN DOWNEY, a/k/a JUSTIN
SAMUEL DOWNEY, JESSICA LEE DOWNEY SHERBAN, a/k/a JESSICA
LEE DOWNEY, AND TAYLOR MARIE SHERBHAN, a/k/a TAYLOR
MARIE DOWNEY, minors, by JULIA MARSHALL DOWNEY, v.
CATHERINE DOWNEY

Direct Appeal from the Chancery Court for Hamilton County
No. 01-A-062    Hon. W. Frank Brown, III, Chancellor, Part 1

FILED APRIL 30, 2003

No. E2002-01972-COA-R3-CV

The Trial Court approved adoption of three minor children by sister of biological mother. Mother appealed, insisting Georgia Court decree terminating her parental rights to the children was defective. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

David W. Wallace, Bryan H. Hoos, and C. Leland Davis, Chattanooga, Tennessee, for Appellant.

Leah M. Gerbitz and Esther R. DeCambra, Chattanooga, Tennessee, for Appellee.

**OPINION**

The Trial Court approved petitioner, Julia Downey's adoption of the three minor children of her sister and appellant herein, Catherine Downey. The Trial Court determined that Catherine Downey's parental rights had been terminated under a Georgia court's decree, but due to the wording of the decree, ordered that Catherine Downey be given notice of the adoption

proceedings. She then participated in the proceedings.

On appeal, Catherine essentially argues that the Georgia judgment terminating her parental rights was defective, in that it provided for her continuing visitation with the children, and their right to inherit from her, and therefore she retained the constitutional right to visit her children as a natural mother. She also raises issues of the failure of the Trial Court to appoint a guardian-ad-litem and failing to grant her motion for a continuance.

In the termination proceeding, the Georgia Court ordered all parental rights were being terminated in accordance with law, and granted the sole, legal and physical custody of the children to Julia Downey. The Court stated that Catherine would have visitation with the children one weekend per month under certain conditions, and then recited that Catherine and the father had acknowledged that the termination of parental rights was "without limit as to duration and terminates all of their rights and obligations with respect to the children", and Catherine and Greg were no longer entitled to notice of adoption proceedings nor did they have the right to object to same or participate in the proceedings, and they made their decision freely, voluntarily, without duress or promise of anything, and that they had discussed the matter with their attorneys.

The Court then again stated that all parental rights were terminated, except the children would still be allowed to inherit from Catherine. The Court stated that the children would be placed in the permanent custody of their Aunt Julia, and the six months waiting period for adoption would be waived.

The Trial Court in this case found that the adoption was in the children's best interests, and that Catherine's parental rights were terminated by the Georgia Order. The Chancellor said he "may have overreacted" by requiring notice of the adoption proceedings be given to Catherine, since the Georgia order waived the same. A Final Order of Adoption was entered on July 17, 2002, which resulted in this Appeal.

Catherine argues that the Trial Court erred in granting the adoption petitions because her rights were not terminated by the Georgia termination order. That order was not appealed, and the mother is essentially mounting a collateral attack on the Georgia termination order. As this Court has previously explained:

> The final judgments of sister states are presumed conclusive and valid. A party seeking to undermine the validity of a foreign judgment carries "a stern and heavy burden" to show that it should be denied the full faith and credit afforded by Article 4, Section 1 of the United States Constitution. Two limited exceptions to the full faith and credit principle are where it can be shown that the rendering court lacked personal or subject matter jurisdiction.

*Frazier v. Frazier*, 72 S.W.3d 333, 335(Tenn. Ct. App. 2001). In this case, there is no proof that the Georgia court lacked jurisdiction over either the mother or the subject matter when it ordered the

termination. Georgia case law makes clear that the Juvenile Courts in Georgia have subject matter jurisdiction over termination actions pursuant to Ga. Code Ann. §15-11-28(a)(2)(c). *See In the Interest of B.A.S.*, 563 S.E.2d 141 (Ga. Ct. App. 2002).

The mother further argues that the termination order was invalid because it left her visitation rights intact and left the children's inheritance rights intact, which conflicts with the Georgia statute applicable to terminations. Ga. Code Ann. §15-11-93 states that an order terminating the rights of a parent "terminates all the parent's rights and obligations with respect to the child and all rights and obligations of the child to the parent arising from the parental relationship, including rights of inheritance. The parent is not thereafter entitled to notice of proceedings for the adoption of the child by another, nor has the parent any right to object to the adoption or otherwise to participate in the proceedings." The Georgia Code expressly deals with how judgments may be attacked in that state. Ga. Code Ann. §9-11-60 provides that only a judgment which is "void on its face" may be attacked collaterally. In all other instances, the judgment must be attacked by a direct proceeding brought for that purpose by one of the methods described in the code section, and brought within the allotted time frame.[1] The Georgia Supreme Court has explained that a judgment is "void on its face" when the judgment lacks either personal or subject matter jurisdiction. *Murphy v. Murphy*, 430 S.E.2d 749 (Ga. 1993). As we have noted, the Court had jurisdiction of both mother and the subject matter. Tennessee law is in accord with Georgia on this issue. *See Cumberland Bank v. Smith*, 43 S.W.3d 908 (Tenn. Ct. App. 2000).

Next, Catherine insists the Trial Court erred in refusing to appoint a guardian-ad-litem for the children. In this regard, the Trial Court found the children loved their aunt, were happy and doing well in her care, and that she loved them in return - the evidence supports these findings. The Court also noted the motion regarding a guardian-ad-litem came very late in the proceedings, and that he had interviewed the children himself. Thus, the Court felt there was no need for a guardian-ad-litem in this case, and we find there was not an abuse of discretion in his refusal to appoint a guardian-ad-litem.

Finally, Catherine argues that the Trial Court erred in failing to grant her a continuance. His decision is reviewed under an abuse of discretion standard, with the additional requirement that prejudice be shown. The Supreme Court has said, "An appellate court cannot interfere with the trial court's decision [regarding a continuance] unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay or continuance." *Sanjines v. Ortwein and Assoc., P.C.*, 984 S.W.2d 907, 909 (Tenn.1998).

Catherine argues she was prejudiced because she was unable to fully develop her case, as her attorneys did not have time to conduct the necessary discovery. This ignores the fact,

---

[1]Georgia law indicates that had there been a timely appeal, the anomalous provisions would have been stricken and the termination upheld. *See Sponce v. Levi*, 211 S.E.2d 622 (Ga. Ct. App. 1974).

however, that the hearing was originally set for April and was continued until July, but Catherine did not retain counsel until late June. Moreover, the Trial Court had allowed the mother to participate in the hearing, although her rights had already been terminated, and the termination order specifically stated that she was not entitled to notice of adoption proceedings nor did she have the right to participate in same. We find no abuse of discretion by the Trial Judge in denying the continuance.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Catherine Downey.

_____
HERSCHEL PICKENS FRANKS, J.