IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 21, 2004

## STATE OF TENNESSEE v. FREDDIE WILLIAM LEWIS

**Appeal from the Criminal Court for Sumner County**
**No. 778-2033    Jane Wheatcraft, Judge**

_____

**No. M2004-00210-CCA-R3-CD - Filed December 21, 2004**

_____

The appellee, Freddie William Lewis, was indicted for custodial interference after allegations arose that he moved his child to another state in violation of a juvenile court order.  The appellee filed a motion to dismiss the indictment, arguing that a default judgment taken against him in juvenile court on the paternity petition, which later formed the basis for the indictment, was void.  The trial court dismissed the indictment after a hearing.  The State appeals, arguing that the trial court erred in dismissing the indictment.  We determine that the trial court erred in dismissing the indictment because the default judgment was not void, but merely voidable.  Accordingly, we reverse the judgment of the trial court, reinstate the indictment and remand the case for trial

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steve Strain, Assistant District Attorney General,  for the appellant, State of Tennessee.

David A. Doyle, District Public Defender and Mike Anderson, Assistant Public Defender, Gallatin, Tennessee, for the appellee, Freddie William Lewis.

**OPINION**

Factual Background

On March 27, 2003, the State filed a petition in the Sumner County Juvenile Court on behalf of Heidi Bradley to establish inter alia paternity against the appellee.  The petition instructed the appellee to bring proof of income and appear before the juvenile court on April 21, 2003 at 9:00 a.m.

The petition also stated, "If you fail to do so [appear], a default judgment may be taken against you for the relief demanded." The appellee was personally served by a law enforcement officer on April 4, 2003. The appellee failed to appear in response to the petition. As a result, the Sumner County Juvenile Court entered default judgment against the appellee, finding him to be the father of the child, setting child support and placing the child in the mother's custody.

Sometime in August, the appellee apparently moved the child to another state in violation of the order of the Sumner County Juvenile Court. As a direct result, the appellee was indicted for custodial interference. In response to the indictment, the appellee filed a motion to dismiss the indictment pursuant to Tennessee Rule of Criminal Procedure 12(b). In support of his motion, the appellee argued that the default judgment was entered prior to the expiration of the thirty-day response period required in Tennessee Code Annotated section 36-2-308(c) and that, as a result, the order was "invalid and not entitled to the force of law."

After a hearing, the trial court determined that the juvenile court had both subject matter and personal jurisdiction but that the judgment was void because the thirty-day period had not expired prior to the entry of the default judgment. The trial court determined that the juvenile court order violated due process and, as a result, dismissed the indictment.

The State filed a timely notice of appeal, arguing that the trial court erred in dismissing the indictment.

Analysis

On appeal, the State argues that the trial court committed reversible error by dismissing the indictment based on its finding that the default judgment entered in the juvenile court was void. Specifically, the State argues that because the Sumner County Juvenile Court had both subject matter jurisdiction over the issues and personal jurisdiction over the parties, that the order is valid on its face and is not subject to collateral attack. The appellee argues that the juvenile court did not have jurisdiction to grant the default judgment prior to the expiration of the thirty-day time period in Tennessee Code Annotated section 36-2-308(c) and that the judgment from the juvenile court is therefore void and requires dismissal of the indictment.

According to Tennessee Code Annotated section 36-2-308(c), which governs paternity actions:

> Upon proper motion, default judgement shall be entered against the defendant upon showing of service of process on the defendant where the defendant has failed to answer or make an appearance within thirty (30) days of service of process.

Tenn. Code Ann. § 36-2-308(c). In the case herein, the hearing was indeed scheduled less than thirty days after service of process. In dismissing the indictment on the basis that the default judgment was entered in violation of Tennessee Code Annotated section 36-6-308(c), the trial court stated:

-2-

But I have a real question about - - - - I think it's a due process violation when the judgment went down before the 30 days. And, General, you might be right that its voidable, but this man - - - - I think its void, and I think its void because it violated due process.

A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In other words, to be found void, a judgment must have been rendered by a court lacking jurisdiction over the subject matter or the parties or acting in some other manner inconsistent with the requirements of due process. Magnavox Co. v. Boles & Hite Constr. Co., 583 S.W .2d 611, 613 (Tenn. Ct. App. 1979). In New York Casualty Co. v. Lawson, 24 S.W.2d 881 (Tenn. 1930), our Supreme Court defined a void judgment as:

> [O]ne which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given.

24 S.W.2d at 883. A court cannot validly adjudicate upon a subject matter which does not fall within its province as defined and limited by law. See Chickamauga Trust Co. v. Lonas, 201 S.W. 777 (Tenn. 1917). A void judgment cannot be enforced. Further, "judgments or decrees which have been declared to be void bind nobody, bar nobody, are nullities, and justify no act done thereafter." Hinton v. Robinson, 364 S.W.2d 97, 99 (Tenn. 1962).

In the case herein, neither party disputes the fact that the Sumner County Juvenile Court had subject matter jurisdiction to determine the paternity and custody orders that were the subject of the petition herein. Jurisdiction over paternity matters is provided for in Tennessee Code Annotated section 36-2-307, which provides that the:

> [J]uvenile court or any trial court with general jurisdiction shall have jurisdiction of an action brought under this chapter; provided, that, in any county having a population not less than eight hundred twenty-five thousand (825,000) nor more than eight hundred thirty thousand (830,000) according to the 1990 federal census or any subsequent federal census, only the juvenile court shall have jurisdiction of an action brought under this chapter.

Tenn. Code Ann. § 36-2-307. Additionally, neither party disputes that the court retained personal jurisdiction over the appellee as the court with subject matter jurisdiction in a paternity action has "statewide jurisdiction over the parties involved in the case." Id.

We acknowledge that the default judgment was entered prior to the expiration of the thirty-day period in Tennessee Code Annotated 36-2-308(c). However, procedural errors do not necessarily render a judgment void. In Cumberland Bank. v. Smith, 43 S.W.3d 908 (Tenn. Ct. App.

2000), a default judgment was entered prior to the expiration of the thirty-day notice requirement specified in Tennessee Rule of Civil Procedure 55.01, but the court concluded that the judgment was not void and therefore not subject to collateral attack because:

> [A] judgment is not subject to collateral attack for mere errors or irregularities committed by the court in the exercise of its jurisdiction. Errors other than lack of jurisdiction render the judgment merely voidable and a voidable judgment can only be challenged on direct appeal.

Id. at 910.

In State v. Branch, No. E2001-00711-CCA-R3-CD, 2001 WL 1565500 (Tenn. Crim. App. at Knoxville, Dec. 10, 2001), the defendant argued that a default judgment declaring him to be a habitual motor vehicle offender was void because the default judgment was obtained without complying with Rules 5, 12, 55 and 58 of the Tennessee Rules of Civil Procedure. The facts in Branch revealed that a petition was filed requesting that the defendant be declared a motor vehicle habitual offender. Accompanying the petition was a "show cause" order, directing the defendant to appear less than thirty days later, to show cause as to why he should not be found a habitual offender. A copy of the petition and order was served on the defendant a mere one week prior to the hearing. The defendant failed to appear at the hearing and a default judgment was entered finding the defendant to be a motor vehicle habitual offender. Almost six years later, the defendant filed a motion to set aside the default judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court dismissed the motion as untimely and this Court affirmed. In so doing, we noted that:

> [V]arious procedural errors . . . occurred in the process of obtaining the judgment by default. First, the trial court erred by ordering the Appellant to appear on April 11, 1995, which was less than thirty days from the date he was served. Tennessee Code Annotated § 55-10-608(a) and (b) provides:
>
> > (a) Upon the filing of the petition, the court shall make an order directing the individual (defendant) named therein to appear before the court to show cause why the defendant should not be barred from operating a motor vehicle on the highways of this state.
> > (b) The order of the court shall specify a time certain, not earlier than thirty (30) days after the date of service of the petition and order, at which the defendant shall first appear before the court.

Branch, 2001 WL 1565500, at *3. Ultimately, this Court determined that the defendant's failure to file the motion to set aside the judgment within a "reasonable time" as required by Rule 60.02 of the Tennessee Rules of Civil Procedure was fatal to his case. Id. at *4. However, in so doing, we noted that the judgment was not void despite those procedural flaws that occurred prior to the entry of the default judgment. Id.

Applying the analysis in <u>Branch</u> to the case herein, we determine that the failure to comply with the thirty-day period in Tennessee Code Annotated section 36-2-308(c) did not render the judgment of the trial court void, but merely voidable. The trial court had subject matter jurisdiction over the issues and personal jurisdiction over the parties. The proper procedure to challenge the paternity judgment would have been to attack the judgment in the juvenile court via a motion to set aside the judgment in accordance with Rule 34, Tennessee Rules of Juvenile Procedure. Further, the appellee was charged with custodial interference under Tennessee Code Annotated section 39-13-306 which does not necessarily require, by its terms, a non-voidable juvenile court order.[1] Thus, we hold that the juvenile court order was merely voidable and that the trial court erred in dismissing the indictment in a collateral proceeding based on the juvenile court judgment.

Conclusion

For the foregoing reasons, we reverse the judgment of the trial court granting the appellee's motion to dismiss the indictment, reinstate the indictment charging the appellee with custodial interference and remand the case for trial.

_____
JERRY L. SMITH, JUDGE

---

[1] Tennessee Code Annotated section 39-13-306 was amended in July of 2004. The new version of the statute makes it illegal to "[r]emove the child from this state knowing that the removal violates a child custody determination as defined in § 36-6-205(3), the rightful custody of a mother as defined in § 36-2-303, or a temporary or permanent judgment or court order regarding the custody or care of such child." Tenn. Code Ann. § 39-13-306 (Supp. 2004). The definition of child custody determination includes "a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child" and includes a permanent, temporary, initial, and modification order. Tenn. Code Ann. § 36-6-205(3). The appellee in the case herein was indicted under the previous version of the statute which merely required the appellee to "knowingly detain or move the child . . . from the vicinity where the child . . . is found when the person knows that the . . . moving of the child . . . violates a temporary or permanent judgment or court order regarding the child's . . . custody or care." Tenn. Code Ann. § 39-13-306 (2003).