# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### May 14, 2015 Session

## TENECCIA BROWN v. MEMPHIS HOUSING AUTHORITY

### Appeal from the Chancery Court for Shelby County
### No. CH1411412     Walter L. Evans, Chancellor

---

### No. W2014-01902-COA-R3-CV – Filed May 27, 2015

---

Appellee commenced a lawsuit in the Shelby County Chancery Court seeking to invalidate a writ of possession that previously had been filed pursuant to an order of the Shelby County Circuit Court. After conducting a hearing on the matter, the Chancery Court entered an order granting Appellee her request for relief. Because we conclude that Appellee's lawsuit constituted a collateral attack of the Circuit Court judgment, and there is nothing in the record indicating that the Circuit Court was without jurisdiction, the Chancery Court's order is hereby vacated. We remand the case to the trial court for the entry of an order dismissing Appellee's case for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal: Judgment of the Chancery Court Vacated and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P. J., W.S., and KENNY ARMSTRONG, J., joined.

Gregory L. Perry, Memphis, Tennessee, for the appellant, Memphis Housing Authority.

Teneccia Brown, appellee.[1]

## MEMORANDUM OPINION[2]

---

[1] Teneccia Brown did not file a brief or otherwise participate on appeal.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

## I. Background and Procedural History

This appeal arises out of a housing dispute between Appellee Teneccia Brown ("Ms. Brown") and the Appellant, Memphis Housing Authority ("MHA"). Ms. Brown resides in the Foote Homes Housing Development and has been a tenant of MHA since 2009. On March 15, 2013, a bag containing Xanax pills was found in Ms. Brown's apartment. The pills were packaged for street resale. Ms. Brown's brother, who was at the apartment, was arrested for possession of the pills with the intent to sell and deliver. Police also discovered that Ms. Brown's brother was operating an illegal tattoo parlor at the apartment. Following this incident, on March 25, 2013, Ms. Brown received a three-day notice of lease termination. MHA subsequently filed an action in Shelby County General Sessions Court to evict Ms. Brown, but the General Sessions Judge found in Ms. Brown's favor. MHA timely appealed the case to the Shelby County Circuit Court.

On May 2, 2014, a trial was conducted in the Shelby County Circuit Court. On June 19, 2014, the Circuit Court Judge entered an order granting judgment in favor of MHA for possession of the apartment and directed that a writ of possession should issue. On July 23, 2014, MHA filed a writ of possession based on the Circuit Judge's June 19 order.

On July 24, 2014, Ms. Brown filed a complaint in the Shelby County Chancery Court seeking injunctive relief related to the writ of possession. Despite acknowledging that a judgment ordering possession of the apartment had been granted in MHA's favor in the Circuit Court, the complaint alleged that Ms. Brown was operating under a new lease as of June 1, 2014, and therefore the writ of possession was no longer valid. The complaint requested that the Chancery Court enjoin MHA from evicting Ms. Brown based on the writ of possession filed on July 23, 2014, and further requested that the Chancery Court enter a declaratory judgment finding that the writ of possession was no longer valid. On July 25, 2014, the Chancellor held a hearing on Ms. Brown's request for a temporary restraining order. On August 4, 2014, the Chancellor entered an order finding that Ms. Brown's "request for permanent injunctive relief and declaratory judgment should be granted as a matter of law." In pertinent part, the order made the following findings:

> 8. That Defendant brought an action in General Sessions Court to have Plaintiff evicted, based on allegations of drugs on the premises, and allegations of an illegal tattoo shop being operated on the premises.

opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

9. That the Judge in General Sessions Court ruled in favor of Plaintiff, Teneccia Brown, and Defendant appealed the matter to circuit court.

10. That on or about May 2, 2014, circuit court judge Robert Weiss, granted judgment on behalf of Defendant, Memphis Housing Authority.

11. That between the dates of June 1, 2014, to June 3, 2014, Plaintiff completed paperwork for her annual recertification with the Defendant.

12. That on July 23, 2014, Defendant and Plaintiff appeared before a General Sessions Court judge for trial, on a new matter against Plaintiff, for non-payment of rent, for the month of May, 2014.

13. That the matter was dropped from the docket by the Court.

14. That on July 23, 2014, Defendant filed a Writ of Possession, based on the order signed by Judge Robert Weiss, granting judgment in favor of Defendant, Memphis Housing Authority, based on the trial that was conducted on or about May 2, 2014.

15. That the order signed by Judge Robert Weiss on June 19, 2014, based on the trial that was conducted on or about May 2, 2014, was drafted by Defendant, by and through its attorney, and signed by Defendant, and Judge Robert Weiss.

16. That the Order signed by Defendant, and Judge Weiss, listed no findings of fact.

17. That the Plaintiff's Attorney was given an opportunity to make changes to the Order prior to entry.

18. That Plaintiff's Attorney made no changes to the Order, because he believed that the Order properly reflected what Judge Weiss said in court.

19. That as of this date, Plaintiff is current on her rent.

20. That on July 24, 2014, Plaintiff filed a complaint seeking a declaratory judgment and injunctive relief against Defendant.

21. That the court order drafted by Defendant, and signed by Judge Weiss, does not list any specific findings as to why judgment was granted in favor of Defendant, and the reasons why judgment was granted.

22. That the Order signed by Judge Weiss, granting judgment to Defendant, does not specifically list grounds for termination of Plaintiff's lease, as stated in the lease agreement, signed by Plaintiff and Defendant[.]

The order concluded that because the Circuit Judge's order did not list any grounds for termination of Ms. Brown's lease, the lease was "automatically renewed" based on language found in the lease agreement. As such, the Chancellor enjoined MHA from evicting Ms. Brown to the extent its eviction efforts were based on the Circuit Court order. MHA then filed a timely appeal to this Court.

## II. Issue Presented

On appeal, MHA raises one issue for our review, restated as follows:

Whether the Chancery Court erred in granting Ms. Brown's request for injunctive and declaratory relief.

## III. Standard of Review

In reviewing any findings of fact by the trial court, our review is *de novo* "upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review a trial court's conclusions on questions of law *de novo*, but no presumption of correctness attaches to the trial court's legal conclusions. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## IV. Discussion

Having reviewed the record transmitted to us in this case, we agree with MHA's assertion that the Chancery Court erred in enjoining any eviction efforts made pursuant to the Circuit Court Judge's June 19, 2014, order. In order to adjudicate a case, a court must have jurisdiction over the subject matter of the proceedings as well as over the parties. "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citation omitted). "It relates to the nature of the cause of action and the relief sought." *Id.* (citation omitted). Here, because Ms. Brown's complaint constituted a collateral attack on the Circuit Court order, the Chancery Court was without jurisdiction to grant her request for relief. As we explained in *Cumberland Bank v. Smith*, 43 S.W.3d 908 (Tenn. Ct. App. 2000):

A collateral attack on a prior judgment may be successful if the judgment is void because the court rendering the judgment acted in a manner inconsistent with due process of law. *See* 47 Am.Jur.2d *Judgments* § 916.

4

But a judgment is not subject to collateral attack for mere errors or irregularities committed by the court in the exercise of its jurisdiction. *Id.* "Errors other than lack of jurisdiction render the judgment merely voidable," *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987); and a voidable judgment can only be challenged on direct appeal, *Tigrett v. Union Planters National Bank,* 973 S.W.2d 208 (Tenn.Ct.App.1997), *Hamm v. Hamm,* 30 Tenn.App. 122, 204 S.W.2d 113 (1947).

*Id.* at 910-11.

Because there is no indication that the Circuit Court lacked jurisdiction when it entered its June 19, 2014, order, Ms. Brown should not have been permitted to attack that order by way of her Chancery Court lawsuit. A writ of possession was properly filed in accordance with the Circuit Court's order. The record does not indicate that Ms. Brown ever filed an appeal concerning the Circuit Court judgment. MHA should not be enjoined from pursuing eviction based on the valid order of the Circuit Court.

Although Ms. Brown's Chancery Court complaint avers that a new lease was entered into on June 1, 2014, we note that the Circuit Court order granting MHA a judgment for possession was not entered until June 19, 2014. If Ms. Brown believed her allegations pertaining to a renewed lease agreement invalidated the judgment for possession entered by the Circuit Court, these allegations should have been pursued on an appropriate post-trial motion in the Circuit Court and, if necessary, on direct appeal therefrom. Her attempt to collaterally attack the Circuit Court's order cannot be sustained. We hereby vacate the Chancery Court's final order granting Ms. Brown relief from the filed writ of possession and remand the case for the entry of an order dismissing her lawsuit for lack of subject matter jurisdiction

## V. Conclusion

For the foregoing reasons, we vacate the Chancery Court's final order and remand the case for the entry of an order dismissing Ms. Brown's lawsuit, at her cost, for lack of subject matter jurisdiction. Costs on appeal are assessed against the Appellee, Teneccia Brown, for which execution shall issue if necessary. We further remand the case to the trial court for the collection of costs against the Appellee and for further proceedings as may be necessary and consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE